**Bruce MORGAN, doing business
as Deck Records, Plaintiff–
Appellee,**

v.

**Brian WILSON, an individual; Mike
Love, an individual; Brother Records,
Inc., a California Corporation, Defendants–Appellants,**

and

**Al Jardine, an individual; Bradley
S. Elliott, Defendants.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Bruce Morgan, doing business as Deck Records, Plaintiff–Appellant,

v.

Brian Wilson, an individual; Mike Love, an individual; Brother Records, Inc., a California Corporation, Defendants–Appellees,

and

Al Jardine, an individual; Bradley S. Elliott, Defendants.

No. 06–55825, 06–55841.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 8, 2008.

Filed May 1, 2008.

Allen Hyman, Esq., Law Offices of Allen Hyman, North Hollywood, CA, for Plaintiff–Appellee.

David B. Parker, Esq., Parker Mills Morin, LLP, Los Angeles, CA, for Bruce Morgan.

Philip H. Stillman, Flynn & Stillman, Cardiff, CA, Danny T. Morin, Esq., Jeffrey S. Benice, Esq., Law Offices of Jeffrey S. Benice, Costa Mesa, CA, for Defendants–Appellants.

Kenneth A. Feinswog, Esq., Los Angeles, CA, for Defendants.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Before: KOZINSKI, Chief Judge, O'SCANNLAIN and W. FLETCHER, Circuit Judges.

## MEMORANDUM*

1. Brother Records (Brother) has standing to bring its claims. *See Brother Records, Inc. v. Jardine,* 318 F.3d 900, 901 (9th Cir.2003).

2. The district court did not abuse its discretion in applying laches to bar Brother's claims for damages. *See Beaty v. Selinger,* 306 F.3d 914, 921 (9th Cir.2002). We review the district court's factual determinations *de novo. Id.* In light of the royalty checks, public record sales and various lawsuits, the district court correctly concluded that Brother knew or should have known of Morgan's infringement long ago. Morgan has suffered substantial evidentiary prejudice; several major witnesses have died and important documents have been lost during Brother's extremely long period of silence. In light of the public sales and royalty checks, Morgan did not fraudulently conceal his use of the recordings. In light of the ineffective agreement to transfer rights and Morgan's lawsuits against other infringers, Morgan was not a willful infringer. We affirm.

3. The district court abused its discretion by applying laches to bar Brother's prayer for injunctive relief, as "laches is generally not a bar to prospective injunctive relief." *Jarrow Formulas, Inc. v. Nutrition Now, Inc.,* 304 F.3d 829, 840 (9th Cir.2002). Morgan failed to demonstrate substantial investment made in reliance upon Brother's laxity that was not recovered through infringing sales. *See id.* Nor did Morgan present any evidence that there would be future evidentiary prejudice now that the court has clearly allocat-

ed rights among the parties. Morgan's showing is patently insufficient to apply laches to prospective injunctive relief. *See Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 960 (9th Cir.2001). We reverse and remand for further proceedings.

4. The district court did not err in holding that Morgan does not have the right to exploit the Deck Recordings. Laches works to equitably limit Brother's enforcement of its rights, not to transfer them. *See, e.g., Kling v. Hallmark Cards Inc.*, 225 F.3d 1030, 1036 (9th Cir.2000). The 1962 letter was ineffective as a transfer of rights for the reasons given by the district court. Federal copyright law is inapplicable because the dispute is based on trademark, not copyright, and, regardless, the recordings were made prior to the 1976 Copyright Act. The statute of limitations for actions to quiet title in real property is inapplicable here, as the subject of the dispute is not an estate in land. We affirm.

5. Morgan's argument that the individual plaintiffs failed to state a claim is insufficiently briefed, and is therefore waived. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir.1994).

**AFFIRMED IN PART, REVERSED IN PART AND REMANDED. NO COSTS.**